# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| NATHANIEL MAURICE PARKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos.: 3:10-CR-133-TWP-CCS-1 |
| ) | 3:16-CV-392-TWP |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Now before the Court is a pro se prisoner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 64[1]]. Respondent has filed a response in opposition to the motion [Doc. 69] and a motion to substitute attorney [Doc. 71], which will be **GRANTED** for good cause shown therein.[2] The Court finds that, after reviewing the relevant parts of the record, an evidentiary hearing is not warranted. Rules Governing Section 2254 and 2255 Cases, Rule 8. Further, for the reasons set forth below, Petitioner is not entitled to relief under § 2255. Accordingly, the motion for relief under § 2255 [Doc. 64] will be **DENIED**.

### I. BACKGROUND

A grand jury indicted Petitioner for knowingly possessing, in and affecting commerce, a firearm and ammunition after having previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year in violation of 18 U.S.C. §§922(g)(1) and 924(e)

---

[1] All citations to the record are to the criminal case.

[2] Respondent is **NOTIFIED**, however, that filing a notice of substitution of counsel is sufficient to accomplish substitution of counsel without a Court order, should Respondent need to do so in any other case in this Court in the future.

[Doc. 3 p. 1]. Petitioner filed a motion to suppress all evidence resulting from the vehicle stop and seizure that led to his indictment in which he asserted that the stop and seizure violated his Fourth Amendment rights [Doc. 17]. Respondent opposed the motion [Doc. 20] and on January 1, 2011, United States Magistrate Judge Shirley held an evidentiary hearing on the motion [Doc. 23].

In the hearing, Officer Hurst testified in relevant part that on August 24, 2010, after observing Petitioner's vehicle speeding and crossing the center line, he pulled Petitioner over [Doc. 24 p. 2–3]. As Officer Hurst approached Petitioner's vehicle, he saw Petitioner "making a lot of extra movement" and, when he reached the window, he saw Petitioner "sitting in the driver's seat of the vehicle and 'kind of reaching under the seat and bouncing around'" [*Id.* at 3]. Officer Hurst therefore drew his firearm and verbally commanded Petitioner to show his hands [*Id.*]. Petitioner failed to immediately comply and continued to move around, but eventually placed his hands outside of the car window [*Id.*]. While Officer Hurst was completing a records check on Petitioner and Officer Hurst's partner had nearly reached the scene of the traffic stop in his police car, however, Petitioner again began moving around in the vehicle [*Id.* at 5–6]. When Officer Hurst commanded Petitioner to stop, Petitioner opened the door of the car and ran on foot [*Id.* at 6]. A video recording from Officer Hurst's in-car camera corroborated this testimony [*Id.* at 7–8].

Officer Hurst pursued Petitioner on foot and, at one point during the chase, he "hear[d] the distinct sound of metal clanging on the paved part of the alley" and saw Petitioner reach down and try to pick something up [*Id.* at 6]. When Officer Hurst arrived at that spot, he observed a firearm on the ground [*Id.*]. Officer Hurst further testified that when Petitioner fled his vehicle, it appeared that a "'shape of a slide'" was under Petitioner's shirt and that Petitioner was holding a firearm [*Id.*].

Michael Chavis, an investigator with Federal Defender Services, also testified at the evidentiary hearing regarding photographs he had taken at or about the place where Officer Hurst would have been able to see Petitioner's car prior to the traffic stop [*Id.* at 14–16]. Based on this testimony, Petitioner argued that Officer Hurst's view of Petitioner's car during the period of time in which he asserted Petitioner was speeding and/or crossed the yellow line was obstructed and that Petitioner was not speeding or driving recklessly [*Id.* at 18].

Magistrate Judge Shirley entered a Report and Recommendations in which he found that Defendant Hurst's testimony was credible and that Defendant Hurst had probable cause to stop Petitioner for both speeding and reckless driving [*Id.* at 19–26]. Magistrate Judge Shirley further found that, even if Officer Hurst lacked probable cause for the traffic stop, the seizure of the evidence was the result of Petitioner's flight from the traffic stop that, which was an "intervening act" that would purge any primary taint of an illegal seizure [*Id.* at 26–28]. Magistrate Judge Shirley also found that Petitioner's abandonment of the firearm in the alley also established grounds for the officers to properly seize it [*Id.* at 28–29].

Petitioner filed objections to the Report and Recommendations [Doc. 27], which the Court overruled, and the Court accepted the Report and Recommendations in whole [Doc. 29].

After a two-day trial at which Officer Hurst, Brian Headrick, Daniel Crenshaw, and Dennis Kennamer testified [Doc. 52], a jury found Petitioner guilty of the charge against him [Doc. 43]. Accordingly, on March 12, 2012, the Court entered a judgment against Petitioner for one-hundred and ten months' imprisonment, among other things [Doc. 48]. Petitioner appealed the Court's denial of his motion to suppress the evidence against him and on July 17, 2013, the Sixth Circuit affirmed the Court's denial of this motion [Doc. 56].

On June 21, 2016, Petitioner filed the instant § 2255 motion in which he asserts that he has recently discovered facts that he could not have previously discovered through the exercise of due diligence which establish that he is actually innocent [Doc. 65 p. 1]. Specifically, Petitioner asserts that he recently discovered that Officer Hurst had been arrested and indicted on drug charges and that these charges, combined with Mr. Chavis's testimony at the evidentiary hearing and the fact that Officer Hurst's testimony at the suppression hearing was "somewhat different" from his statements in his affidavit of complaint against Petitioner, establish that Officer Hurst was an unreliable witness [*Id.* at 4–6].

## II. STANDARD OF REVIEW

This Court must vacate and set aside Petitioner's sentence if "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court should initially consider whether the face of the motion, the exhibits thereto, and the prior underlying proceedings establish that the movant is not entitled to relief. If they do, the Court may summarily dismiss the § 2255 motion under Rule 4.

A § 2255 motion must set forth facts which entitle the petitioner to relief. *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961) (providing that "conclusions, not supported by allegations of fact with some probability of verity, are not sufficient to warrant a hearing"). Further, a § 2255 petitioner has the burden of proving that he is entitled to relief under § 2255 by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

## III. ANALYSIS

As set forth above, in his § 2255 motion, Petitioner asserts that the recent drug charges against Officer Hurst, Mr. Chavis's testimony at the suppression hearing, and the discrepancies between Officer's Hurst's affidavit of complaint and his testimony at the suppression hearing establish that Officer Hurst was not a reliable witness against him and that Petitioner is actually innocent of the charge against him. As Respondent correctly points out, however, the drug charges against Officer Hurst arise out of offenses alleged to have occurred no earlier than May 1, 2014 [Doc. 69-1]. Officer Hurst's stop of Petitioner, however, occurred on August 24, 2010 [Doc. 1], and Officer Hurst testified against Petitioner at the evidentiary hearing on January 14, 2011 [Doc. 23], and at the jury trial on September 13, 2011 [Doc. 52 p. 24–69].

Further, Petitioner has set forth nothing to support a finding that the charges against Defendant Hurst are related to Defendant Hurst's traffic stop of Petitioner or his testimony against Petitioner in the underlying criminal proceedings. In other words, Petitioner has set forth no evidence or specific allegations to support a finding that Officer Hurst's testimony against Petitioner at the suppression hearing and/or trial was not credible for any reason other than those that the Court previously found unpersuasive [Docs. 27 and 29] and therefore has not met his burden to establish that that he is entitled to relief under § 2255. The mere fact that Officer Hurst was indicted on drug charges several years after stopping Petitioner and testifying about that stop is insufficient to establish that Petitioner is actually innocent of the conviction that resulted from that traffic stop or that Petitioner is otherwise entitled to relief under § 2255.

## IV. CONCLUSION

For the reasons set forth above, Respondent's motion to substitute attorney [Doc. 71] will be **GRANTED** and Petitioner's § 2255 motion [Doc. 64] will be **DENIED**. Thus, under 28 U.S.C.

§ 2253(c)(2), the Court must determine whether to grant a certificate of appealability ("COA"). A COA should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of a COA, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473 (2000). The Court finds that reasonable jurists could not conclude that Petitioner's claims deserve further review, as Petitioner has failed to make a substantial showing of the denial of a constitutional right and reasonable jurists would not debate the Court's finding that Petitioner is not entitled to relief under § 2255. Accordingly, a COA **SHALL NOT ISSUE**.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Accordingly, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ISSUE.**

**E N T E R:**

s/ Thomas W. Phillips<br>SENIOR UNITED STATES DISTRICT JUDGE